Garrity *v.* Cripp.

PAT GARRITY *v.* JOHN P. CRIPP.

BILLS AND NOTES. *Usury. What will not constitute.* The following note
is held not to be usurious: "One day after date I promise to pay to
Pat Garrity $20 for forty bushels of corn, at fifty cents per bushel,
bearing interest at ten and a half per cent. If this note is not paid
by the 8th day of July, the note is to be paid at sixty cents per
bushel, or $24, bearing interest at ten and a half per cent. This 22d
day of May, 1873."

FROM DEKALB.

Appeal from the Circuit Court.    SAMUEL M. FITE,
Judge.

R. CANTRELL for complainant.

No brief for defendant.

TURNEY, J., delivered the opinion of the Court.

Garrity sued Cripp on the following note:

"One day after date I promise to pay to Pat
Garrity twenty dollars for forty bushels of corn at fifty
cents per bushel, bearing interest at ten and a half
per cent. If this note is not paid by the 8th day
of July, the note is to be paid at sixty cents per
bushel, or twenty-four dollars, bearing interest at ten
and a half per cent. This 22d day of May, 1873.
                                                his
                                J. L. ⋈ CRIPP.
                                              mark.
"Test: P. A. ADAMSON."

Garrity *v.* Cripp.

The Circuit Judge held the note to be usurious.

This was error.  The consideration was a sale of property, the cost and credit value being considered, or, at least, a short and longer credit entering into the transaction.

In every article of property of value, the time within which its price is to be paid affects its value, it being worth less for cash, more on short time, and still more on long time.

So here the plaintiff was willing, and agreed to take twenty dollars at ten and a half per cent., if paid by a given day.  If not paid then, twenty-four dollars, at a further day.

The contract, in its double aspect, has its advantages to the parties.  If paid pursuant to the first stipulation, the cash price, with the interest, discharges it, and the defendant is released of the additional four dollars and their interest.  To the plaintiff it is a pledge of promptness, and an undertaking against delay by suit, as well as inducement to him to sell before the chances of profit by advancement in market value have accrued.

It is the practice of the Courts, in their sales of property, to make the distinctions intimated, as time and circumstances may require.

Judgment reversed.